### 5325.   FOLSOM *v.* THE STATE.

POTTLE, J.   1. The evidence authorized the conviction of voluntary man-slaughter. Under the State's theory of the case, a verdict of murder would have been warranted. According to other evidence, there was a mutual intention to fight, and an assault, without a deadly weapon, upon the defendant by the deceased. The theory of the defense was, that the deceased had, while a guest at the home of the defendant's father a short time before the homicide, offered to the defendant's sister a real or fancied affront. After some conversation between the defendant and the deceased the latter left, but he shortly afterwards returned. The deceased was unarmed, and opened the door of the dwelling and stepped inside, over the objection of the accused. As the deceased stepped inside the door the accused fired the fatal shot. The accused claims that after opening the door the deceased assaulted him with his left hand, at the same time throwing his right hand to his hip pocket, as if to draw a weapon. It is undisputed that the deceased was unarmed, though one witness for the State thought he saw the right hand of deceased upon the barrel of a pistol. In this, according to undisputed testimony, the witness was mistaken. According to the evidence for the State, as the deceased opened the door the accused shot without legal justification.

2. It was (because irrelevant) erroneous, but, under all the facts and circumstances, not sufficiently harmful to demand a new trial, to admit evidence that, a few minutes after the homicide, a brother of the accused

picked up and unloaded a shotgun which was sitting in the room where the deceased fell.

3. It was proper to reject testimony of a brother-in-law of the deceased as to conversations with the wife of the witness, tending to show her opinion as to the frame of mind of the deceased and his purpose in going back to the scene of the homicide.

4. Testimony that a brother of the accused, who was present when the homicide occurred, stated to the witness that the killing was in self-defense, was properly rejected.

5. A new trial was sought on the ground that one of the jurors had separated himself from the jury. The trial judge certifies that counsel for the accused agreed for the juror to occupy a separate room in the hotel during the night. The juror denied that he separated himself from the jury the next morning, and averred that he held no communication with any one in reference to the case. In the light of the exculpatory affidavit and of the judge's note, a new trial was not required on this ground.

6. The alleged newly discovered evidence was merely impeaching, and would not likely produce a different result.    *Judgment affirmed.*
DECIDED JANUARY 20, 1914.

Indictment for murder; from Brooks superior court—Judge Thomas. October 17, 1913.

*Bennet & Harrell,* for plaintiff in error.

*J. A. Wilkes, solicitor-general, Branch & Snow, John W. Bennett,* contra.